## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 87 CR 941 | **DATE** | 9/22/2000 |
| **CASE TITLE** | | USA vs. Barry Wenger | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly this court can take no action on Wenger's current letter. And if it were to be treated as a motion, it would have to be denied because of his failure to conform to the statutory requirement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 5 2000 | |
| | Notified counsel by telephone. | | date docketed | 65 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 SEP 22 PM 4: 28 | 9/22/2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
                  Plaintiff,      )
                                  )
     v.                           )   No.  87 CR 941
                                  )
BARRY WENGER,                     )
                                  )
                  Defendant.      )



MEMORANDUM ORDER

Barry Wenger ("Wenger") has just submitted a letter that couples some information about his current status with a request for this Court's assistance by the entry of an order that would reject the United States Parole Commission's calculation of his out-date on the custodial sentence that he is now serving. One of the several complexities posed by that request stems from the fact that Wenger has been convicted and sentenced for different felonies, not only by this Court but by its colleague Honorable Charles Norgle, so that there is a question whether any relief that he wishes to obtain should be sought before this Court or before Judge Norgle. But for present purposes it is unnecessary (indeed, it would be inappropriate) to examine any such complexities or any aspects of the merits of Wenger's contentions, because this Court is not in a position to entertain Wenger's motion in any event.

Whatever else may be said about Wenger's filing, he is unquestionably seeking relief that would affect his custodial



time--relief that by definition comes under the rubric of habeas corpus relief. But Wenger has previously sought, and has previously been denied, habeas relief in a case before Judge Barbara Crabb in the United States District Court for the Western District of Wisconsin. Judge Crabb's August 4, 1999 order in Case No. 99 C 0273C denied Wenger's then-advanced claims on the merits, and on June 28 of this year our Court of Appeals issued an unpublished order (reported in table at 221 F.3d 1340) affirming Judge Crabb's December 10, 1999 denial of Wenger's motion for reconsideration.

All of that being so, Wenger's current request comes squarely within the provision of 28 U.S.C. §2244(b)(3)(A) that he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." That statute has established a bright-line rule (see, e.g., <u>Potts v. United States</u>, 210 F.3d 770, 770 (7th Cir. 2000) and cases cited there) that forbid any district court filing of such a "second or successive application" until he has sought and obtained such permission from our Court of Appeals.[1]

Accordingly this Court can take no action on Wenger's current letter. And if it were to be treated as a motion, it

---

[1] Indeed, on November 9, 1999 this Court rejected an earlier effort by Wenger along the lines of his present application, pointing even at that time to Judge Crabb's then-pending case and to Section 2244(b)(3).

2

would have to be denied because of his failure to conform to the statutory requirement.[2]

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date: September 21, 2000

---

[2] Nonetheless, so that the record in connection with Wenger's present submission is complete, this Court is contemporaneously delivering his letter to the Clerk of Court for placement in the court records.